Case 1:15-cv-00216 Document 8 Filed in TXSD on 02/09/16 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FELIX OMAR CASTAN-CRUZ, Movant, | § § § § § | |
| v. | § § § § § | Case No. 1:15-cv-216 (Criminal No. B-12-957-1) |
| UNITED STATES OF AMERICA, Respondent. | § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This Court is in receipt of Movant Felix Omar Castan-Cruz's pro se "Motion under 28 U.S.C. § 2255 or alternatively 28 U.S.C. § 2241" (hereinafter "Castan-Cruz's Motion" or the "Motion"), which Felix Omar Castan-Cruz (hereinafter Castan-Cruz) filed on December 14, 2015. For the reasons below, it is recommended that Castan-Cruz's Motion be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). It is further recommended that the Court decline to apply the savings clause to Castan-Cruz's claims. Finally, it is recommended that the Court decline to issue a certificate of appealability.

# I. Jurisdiction

This Court has jurisdiction over Castan-Cruz's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

# II. Background and Procedural History

On November 14, 2012, Castan-Cruz pleaded guilty to being unlawfully found within the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Felix Omar Castan-Cruz,* No. 1:12-cr-00957-1, CR Dkt. No. 22 at 1.[1] On January 30, 2013, Senior United States District Judge Hilda Tagle sentenced Castan-Cruz to 46 months of imprisonment. *Id*. at 2. Judgment was entered on April 17, 2013. *Id.* at 1. Castan-Cruz did not file a direct appeal.

On or about December 14, 2015, Castan-Cruz filed his instant Motion. Dkt. No. 1.[2] In his Motion, Castan-Cruz claims that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the § 925(e)(2)(B) residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague.

---

[1] Hereinafter, Castan-Cruz's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] As Castan-Cruz does not clearly indicate when he placed his Motion in the prison mailing system, the Court does not apply the mailbox rule. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255). Even if the Court were to use the date next to Castan-Cruz's signature as when he placed the Motion in the prison system, the Motion would still be time-barred for the reasons provided below.

Dkt. No. 1 at 1-3. The Court reviewed Castan-Cruz's Motion on December 4, 2015, and issued an Order to Show Cause. Dkt. No. 4. In relevant part, the Order to Show Cause stated:

> On the face of the record currently before the Court, Castan-Cruz's Motion is untimely. Accordingly, Castan-Cruz is **ORDERED TO SHOW CAUSE**, on or before January 29, 2016, as to why his Motion should not be dismissed as untimely. If the Government wishes to waive its limitations defense, it must file a notice to that effect on or before January 29, 2016. Castan-Cruz is **NOTIFIED** that if he fails to comply with this Order, this civil action will be dismissed.

*Id*. at 1. The Government did not notify the Court of its wish to waive its limitations defense, and Castan-Cruz did not file a timely response to the Order to Show Cause.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

**A. Castan-Cruz's Reliance on *Johnson v. United States*.**

Castan-Cruz claims entitlement to § 2255 relief pursuant to the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 1-3. Liberally construing his Motion, he also indicates that his Motion is not time-barred because the new rule announced in *Johnson* was previously unavailable to him. *See id.* That is, under § 2255(f)(3), Castan-Cruz contends that his one-year limitations period will not expire until June 26, 2016, because the Supreme Court decided *Johnson* on June 26, 2015. *Id.*

In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA, to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires imposition of a minimum fifteen-year term of imprisonment upon repeat offenders convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2)

constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity).

However, the Fifth Circuit has recently determined that *Johnson* does not apply retroactively. *In re Williams*, 806 F.3d 322, 325 (5th Cir. 2015). Yet, other circuit courts of appeal have resolved the retroactivity question differently, and the Supreme Court has granted certiorari in *Welch v. United States* to resolve the issue. *See Welch v. United States*, No. 15–6418, 2016 WL 90594 (U.S. Jan. 8, 2016).

This Court need not wait for a Supreme Court determination regarding *Johnson's* retroactivity because the rule in *Johnson* does not apply to Castan-Cruz's

conviction or sentence. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Castan-Cruz's case, the Court did not sentence him pursuant to § 924(e); instead, the Court sentenced him for violating 8 U.S.C. §§ 1326(a) and 1326(b), and did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 17 (Final Presentence Investigation Report); CR Dkt. No. 23 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report "without change"); CR Dkt. No. 22 (Judgment).

Castan-Cruz's Final Presentence Investigation Report ("PSR") gave him a "total offense level of 21 and a criminal history category of III," and stated that the advisory guideline "range for imprisonment" was 46 to 57 months. CR Dkt. No. 17 at 9. In calculating his base offense level and special offense characteristics, the PSR applied § 2L1.2(a) and § 2L1.2(b)(1)(A)(i) of the United States Sentencing Guidelines ("U.S.S.G"). *Id.* at 4. In calculating his criminal history score, the PSR applied U.S.S.G. § 4A1.1(a) and (d). *Id.* at 6-7. The Court adopted the PSR without change and imposed a 46-month sentence of imprisonment, a sentence that was at the low end of the advisory guideline range. CR Dkt. No. 23 at 1; CR Dkt. No. 22 at 2. Thus, even if the Supreme Court were to decide that the rule in *Johnson* applies retroactively, the rule would not provide Castan-Cruz with a claim because the District Court did not apply § 924(e) when it sentenced him.

Even the rationale supporting the rule in *Johnson* does not apply to provide Castan-Cruz with relief. Some courts have noted that § 4B1.1 of the U.S.S.G., the

"career offender provision," contains a residual clause that is substantively identical to the residual clause in the ACCA. *See, e.g., United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.' *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* U.S.S.G. § 4B1.2(a)(2)."). Using the logic behind *Johnson*, some courts have suggested that U.S.S.G. § 4B1.1 may also be unconstitutionally vague. *See, e.g., United States v. Williams*, No. 3:04-CR-193-M (01), 2015 WL 9582828, at *2 (N.D. Tex. Dec. 1, 2015), *rec. adopted*, No. 3:04-CR-193-M (01), 2015 WL 9587542 (N.D. Tex. Dec. 28, 2015).

Here, the Court did not sentence Castan-Cruz pursuant to U.S.S.G. § 4B1.1. In calculating his criminal history score, the Court applied U.S.S.G. § 4A1.1(d). *See* CR Dkt. No. 17 at 6-7 (PSR); CR Dkt. No. 23 at 1 (Statement of Reasons, adopting the PSR "without change"); CR Dkt. No. 22 (Judgment). Section 4A1.1(d) does not have a residual clause resembling the residual clause in the ACCA. *Compare* U.S.S.G. §§ 4A1.1(d), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]").

In calculating Castan-Cruz's base offense level and special offense characteristics, the Court applied U.S.S.G. § 2L1.2(a) and § 2L1.2(b)(1)(A)(i). *See* CR Dkt. No. 17 at 4; CR Dkt. No. 23 at 1; CR Dkt. No. 22. Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(a), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that

"otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"). Likewise, § 2L1.2(b)(1)(A)(i) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(i), Application Note (1)(B)(iv) (defining a "Drug trafficking offense"), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]").

Finally, even if § 2L1.2(b)(1)(A)(i) had a residual clause resembling the clause in the ACCA (which it does not), the rationale in *Johnson* would not give Castan-Cruz a claim. Under U.S.S.G. § 2L1.2(b)(1)(A)(i), a prior conviction is defined as a "Drug trafficking offense" if it qualifies as an offense specifically listed in U.S.S.G. § 2L1.2(b)(1)(A)(i), Application Note (1)(B)(iv). In calculating the special offense characteristics of Castan-Cruz's sentence, the Court adopted the 16-level enhancement recommended in the PSR for his previous felony conviction for "Possession with Intent to Distribute a Quantity More than 100 Kilograms of Marijuana," for which he was sentenced to 33 months custody of the U.S. Bureau of Prisons. *See* CR Dkt. No. 17 at 4. Thus, because Castan-Cruz's prior conviction qualifies as a "Drug trafficking crime" under offenses enumerated in U.S.S.G. § 2L1.2(b)(1)(A)(i) and Application Note (1)(B)(iv), it is not subject to application of the reasoning in *Johnson*.

### B. Castan-Cruz's Motion is Time-Barred.

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to provide for a one-year limitations period for

motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), a defendant's one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). Here, § 2255(f)(3) does not apply to Castan-Cruz's Motion because his reliance on *Johnson* is misplaced, and he has otherwise failed to assert a claim based upon a newly recognized right by the Supreme Court that was made retroactively applicable to cases on collateral review. Further, Castan-Cruz has not submitted any information that would infer invoking § 2255(f)(2) or (4). Accordingly, § 2255(f)(1) applies to his Motion.

Pursuant to § 2255(f)(1), Castan-Cruz's one-year limitations period began to run on the date his conviction became final. When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013). As Castan-Cruz did not appeal, his conviction became final on May 1, 2013, 14 days after the entry of his

April 17, 2013, judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing.") (citations omitted). Thus, Castan-Cruz had until May 1, 2014 to file his Motion.

It is well-established that the AEDPA limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions."). Having filed his Motion on December 14, 2015, his Motion is almost 20 months late and is, therefore, barred by the AEDPA statute of limitations. Accordingly, his Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

### C.    Applicability of Savings Clause to Castan-Cruz's Motion

Castan-Cruz's Motion alternatively seeks a remedy under 28 U.S.C. § 2241. A writ of habeas corpus pursuant to § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to § 2255 are distinct mechanisms for post-conviction relief. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition, for example, attacks the way a sentence is carried out or a prison authority's determination of its duration, while a § 2255 motion is the primary means of collateral attack on a federal sentence based upon errors at or prior to sentencing.

*Id*. Thus, the mechanisms are not substitutes, and a § 2241 petition seeking to challenge the validity of a federal sentence must be either dismissed or construed as a § 2255 motion. *Id*. at 452. Castan-Cruz's Motion attempts to cast doubt on his sentence's constitutionality rather than to how his sentence is carried out, and thus ought to be properly construed only as a § 2255 motion. *See* Dkt. 1 at 1-3.

However, liberally construing his filing, Castan-Cruz argues that § 2255's savings clause applies. Section 2255 contains a savings clause that acts as a limited exception to the general rule. Instead, the savings clause provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The movant bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and courts generally have found § 2255 remedies inadequate or ineffective in "extremely limited circumstances" *See Pack*, 218 F.3d at 452-53 (citing *Carvalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)). For example, a remedy is not inadequate or ineffective simply because the petitioner's § 2255 motion is unsuccessful or time-barred, as that would nullify clear procedural requirements and defy Congress's attempt to limit successive habeas petitions. *See id*. at 453. As explained above, Castan-Cruz's Motion is barred because it runs afoul of the statute of limitations. Therefore, because the savings clause is inapplicable when a § 2255 remedy is denied as time-barred, Castan-Cruz's argument fails

unless he shows that the remedy is inadequate or ineffective for other reasons.

Castan-Cruz has not. The savings clause applies to claims:

> (i) that [are] based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that w[ere] foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The first prong applies to claims showing a risk that the movant was convicted based upon conduct that a subsequent decision of the United States Supreme Court has held a substantive federal criminal statute does not actually reach. *See id.* at 903-04 (calling this prong the "actual innocence prong" of the savings clause test). Viewing Castan-Cruz's Motion liberally, it entirely argues that his sentence is unconstitutional, not his conduct underlining the conviction. *See* Dkt. No. 1 at 1-3. However, even if Castan-Cruz had made such an argument, and this Court liberally construes his Motion, he has also not shown that the rule announced in *Johnson* retroactively applies to him. As discussed above, irrespective of the eventual holding in *Welch v. United States*, No. 15–6418, 2016 WL 90594 (U.S. Jan. 8, 2016), *Johnson*, or its logic, does not apply to Castan-Cruz's claims because the provisions that determined his sentence are dissimilar to those in *Johnson*.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Castan-Cruz has not made a substantial showing of the denial of a constitutional right.

### VI. Recommendation

It is recommended that Castan-Cruz's § 2255 be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). It is further recommended that the Court decline to apply the savings clause to Castan-Cruz's claims. Finally, it is recommended that

the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 9th day of February, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge